IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KATHRYN McCOY                                                                      PLAINTIFF

v.                                                               CIVIL ACTION NO. 1:24-CV-71-SA-DAS

SAFEWAY INSURANCE COMPANY                                                          DEFENDANT

ORDER AND MEMORANDUM OPINION

On February 23, 2024, McCoy initiated this civil litigation when she filed her Complaint [1] against Safeway in the Circuit Court of Lee County, Mississippi. Safeway removed the case to this Court premising federal jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. Now before the Court is Safeway's Motion for Summary Judgment [19]. The Court is prepared to rule.

*Relevant Background*

On December 9, 2023, McCoy was involved in an automobile collision. This lawsuit involves Safeway's failure to pay her insurance claim from that collision.

Many of the facts in this case are undisputed. By way of background, on June 5, 2023, McCoy secured an automobile insurance policy from Safeway. The policy carried a six-month term and had an expiration date of December 5, 2023. At the commencement of the policy period, McCoy made an initial down payment to bind coverage and then paid the remainder of the premium balance through monthly installments. The monthly installments were due on the 5th of each month. However, McCoy testified that an unidentified employee of A-Plus Insurance Agency (the independent insurance agent/broker which assisted McCoy with procuring coverage with Safeway) advised her that she had a ten day "grace period and that [her] account would automatically cancel [] at midnight on the 15th of the month." [19], Ex. 1 at p. 12. Therefore, she

simply had to pay the premium by the 15th of each month in order for the coverage to remain in place.

On November 2, 2023, Safeway issued and mailed a renewal notice to McCoy at the address listed on her policy. McCoy does not dispute that Safeway issued the renewal notice, but she testified that she never received it. The renewal notice provides the total premium amount for a six-month renewal of the policy. It also lists an expiration date of December 5, 2023, for the then-applicable policy. Further, the renewal notice provided other specific details concerning a potential renewal:

> No "grace period". Pay by due date to assure you will have a new policy certificate before expiration date of your policy, otherwise your policy will expire on the date and time shown above.
>
> . . .
>
> If payment is made on or after the expiration/cancellation date, and if the payment is collectible and sufficient in the amount needed to renew/reinstate your policy, the policy will renew/reinstate with a lapse in coverage effective either 1) 12:01 am on the day following the postmark date shown on the envelope containing the payment or 2) the time and day Safeway receives payment that is not mailed. Any loss occurring during the lapsed period will not be covered.

[19], Ex. 5 at p. 1.

McCoy did not pay the renewal premium before the policy lapsed on December 5, 2023. She was then involved in an automobile collision on December 9, 2023. Two days later, on December 11, 2023, McCoy went to A-Plus to see about the renewal of her Safeway policy, and she paid her renewal premium at 9:49 AM that day. After the payment was processed, McCoy received a declarations page/renewal certification which identified the policy period as December 11, 2023 through June 11, 2024.

When McCoy sought coverage for the December 9, 2023 collision, Safeway denied her claim due to the collision having occurred outside of the policy period.

In her Complaint [2], McCoy alleges that Safeway "with no reasonable basis, and with reckless disregard for the applicable laws of the State of Mississippi concerning cancellation or nonrenewal of automobile insurance policies . . . has in bad faith refused to provide [her] coverage for an automobile accident which occurred on or about Dec. 9, 2023." [2] at p. 2. Through the present Motion [19], Safeway seeks summary judgment in its favor on the basis that it is not contractually obligated to pay the claim.

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the

3

party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

The basis for Safeway's request is straightforward—it contends that the initial policy lapsed prior to the collision and that McCoy's post-collision renewal of the policy does not render the collision a covered loss.

In analyzing Safeway's request, the Court first turns to the Complaint [2] to clarify the scope of McCoy's claims. The Complaint [2] is far from a model of clarity. It makes reference to breach of contract, bad faith, and a refusal to comply with Mississippi law "concerning cancellation or nonrenewal of automobile insurance policies found at Miss. Code 83-11-1 through 83-11-21." [2] at p. 2.

Prior to addressing the claims, the Court feels compelled to note the lack of substantive response in opposition to the instant Motion [19]. Despite Safeway's raising of legitimate arguments in support of its request for summary judgment, the *entire* substantive portion of McCoy's one-page Response [21] is as follows:

> 1. Plaintiff, McCoy denies that summary judgment is appropriate in this case. The motion filed by Defendant, Safeway is predicated upon facts being interpreted in a manner which favors it. The credibility and mental impressions of parties and witnesses are a proper determination of the trier of fact.

4

>    2.   Plaintiff, McCoy respectfully submits that the applicable code sections as applied to the facts before the court arguably establish that the Plaintiff, McCoy has been wrongfully denied coverage for the period of time encompassing the subject automobile accident.

[21] at p. 1.

Notably, McCoy points to no *specific* evidence to support her position and attaches no documentation to the filing. She thus fails to adequately attack Safeway's request. *Nabors*, 2019 WL 2617240 at *1 ("The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'") (citation omitted). Despite McCoy's failure in this regard, the Court turns to the merits.

The Court first looks to McCoy's breach of contract claim. "The elements of a breach of contract are: (1) the existence of a valid and binding contract; (2) that the defendant has broken, or breached it; and (3) that the plaintiff has been thereby damaged monetarily." *Cirino v. Bank of America, N.A.*, 2015 WL 5752105, at *7 (S.D. Miss. Aug. 26, 2015) (quoting *Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So.2d 1037, 1044 (Miss. Ct. App. 2004)).

McCoy cannot clear the first hurdle, as she cannot establish the existence of a valid and binding contract as of December 9, 2023. In her deposition, she testified as to the relevant policy period:

>    Q.   And then the next thing there is your policy period. Tell me, if you will, when you took out this insurance policy with Safeway. What was the policy period?
>
>    A.   It was 6/5 of 2023, 11:36 a.m., to 12/5 of 2023, of 12:01 a.m. standard Time.
>
>    Q.   Okay. And tell me what you understood that to mean, with regard to your insurance coverage.
>
>    A.   That I was covered from this date, when I bought the coverage, to this date.

5

[19], Ex. 1 at p. 7-8.

The policy declarations page listing the policy's effective dates and times is also attached to the Motion [19]. *See* [19], Ex. 1 at p. 2. The evidence in the record is uncontroverted that McCoy did *not* renew her policy prior to its expiration. She herself testified that she was involved in a collision on Saturday, December 9, 2023 and then went to A-Plus on Monday, December 11, 2023, at which time she renewed her policy. Therefore, the original policy lapsed by its own terms on December 5, 2023.

In her deposition, McCoy testified about her payments throughout the duration of the policy. She testified that she frequently paid her monthly premiums on the 15th of the month because an employee of the A-Plus Insurance Agency told her that the policy would not lapse so long as the payments were made by the 15th. Although that might have been the case during the life of the policy, McCoy testified that she was aware that the policy would expire on December 5, 2023.

McCoy has pointed to no summary judgment type evidence illustrating that a "grace period" was applicable to a policy renewal. In other words, she has done nothing to rebut the clear and unambiguous language of the policy.

There is nothing in the record to indicate that Safeway breached its insurance contract with McCoy. Her breach of contract claim is due to be dismissed.

The Court next turns to McCoy's bad faith claim. "The Mississippi Supreme Court has recognized that claimants can bring bad faith claims against and recover punitive damages from insurers who refuse to pay out on a valid claim." *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1098 (Miss. 1996)).

6

The Fifth Circuit has articulated a plaintiff's burden in order to prevail on a claim of this nature under Mississippi law:

> In order to recover punitive damages against an insurance company for bad-faith refusal to pay a claim, or refusal to honor an obligation under an insurance policy, the insured must first demonstrate that the claim or obligation was in fact owed. Second, the insured must demonstrate that the insurer has no arguable reason to refuse to pay the claim or to perform its contractual obligation. Finally, in order to recover punitive damages from the insurer for bad faith, the insured must demonstrate that the insurer's breach of the insurance contract "results from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort."

*Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008) (quoting Jackson, Miss. Ins. Law, § 13:2; *Caldwell*, 686 So. 2d at 1095).

Here, McCoy's claim fails because she has not shown that any claim was owed. Rather, as articulated previously in connection with the breach of contract claim, the record is undisputed insofar as the policy having lapsed prior to the collision. Thus, there can be no bad faith claim. That claim is due to be dismissed.

McCoy's Complaint [2] also avers that Safeway disregarded "the applicable laws of the State of Mississippi concerning cancellation or nonrenewal of automobile insurance policies found at Miss. Code 83-11-1 through 83-11-21." [2] at p. 2. This vague claim provides no allegation as to how Safeway allegedly violated these statutes. Considering the lack of clarity in the Complaint [2] itself, along with McCoy's failure to address it in her Response [21] and the failure to otherwise point to any way in which Safeway acted improperly in denying her claim, the Court sees no need to address the Complaint's [2] vague reference to these statutes any further. The claim is due to be dismissed.

This case is simple. Safeway has provided evidence to support its contention that McCoy's policy lapsed and that it is not obligated to pay her claim. McCoy has come forward with *nothing*

in the form of evidence to rebut that. She did not reference or attach any evidence to her Response [21] nor does she provide any legal argument in support of her contention that Safeway violated certain Mississippi statutes. In short, McCoy has provided nothing to indicate that Safeway breached the contract, acted in bad faith, or otherwise acted wrongfully in denying her claim for insurance coverage.

*Conclusion*

For the reasons set forth herein, Safeway's Motion for Summary Judgment [19] is hereby GRANTED. All claims are dismissed *with prejudice*. A Final Judgment consistent with this Order and Memorandum Opinion will be entered this day. This CASE is CLOSED.

SO ORDERED, this the 30th day of May, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE